IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CLARKSBURG DIVISION

**WEST VIRGINIA UNIVERSITY
BOARD OF GOVERNORS** for and on behalf of
**WEST VIRGINIA UNIVERSITY**,

    Plaintiff,

v.                                                         Civil Action No. 1:08CV41

**RICHARD RODRIGUEZ**,

    Defendant.

**NOTICE OF REMOVAL**

Now comes the Defendant, Richard Rodriguez (hereinafter, "Coach Rodriguez"), by and through counsel, and without waiving any affirmative defenses that the Defendant may have, files this Notice of Removal pursuant to 28 U.S.C. §1441, *et seq.*, and in support thereof states the following:

    1.    The Plaintiff filed this action against Coach Rodriguez in the Circuit Court of Monongalia County, West Virginia, on December 27, 2007, seeking a declaratory judgment concerning the parties' rights and obligations pursuant to an alleged employment contract between them. The Complaint was served upon Coach Rodriguez on or about December 29, 2007. A true and accurate copy of the Plaintiff's Summons and Complaint, along with a copy of the Civil Docket Sheet, are attached hereto as collective "Exhibit A".

    2.    This Notice of Removal is filed pursuant to 28 U.S.C. §1441(a) and §1446, which provide that any civil action brought in a State Court of which the District Courts of the United States have original jurisdiction, may be removed by the Defendant. This Court has diversity

jurisdiction over this dispute because the Plaintiff is a resident of the State of West Virginia, while Coach Rodriguez had established residency in the State of Michigan at the time this lawsuit was commenced. As has been widely reported in the local press, Coach Rodriguez had been physically present in the State of Michigan and had a clear intention to remain there at the time of the commencement of this action as the football coach for the University of Michigan.

3. The Plaintiff's Complaint prays for damages is in excess of Four Million Dollars ($4,000,000.00), and therefore satisfies the minimum amount in controversy requirement of Seventy-Five Thousand Dollars ($75,000.00).

4. Because Coach Rodriguez was domiciled in West Virginia until just shortly before this action was commenced, the Defendant must prove that he changed his domicile to the State of Michigan prior to the commencement of this suit. See, Brignoli v. Balch, Hardy & Scheinman, Inc., 696 F.Supp. 37, 41 (SDNY 1988). For purposes of diversity jurisdiction, a person's domicile is equivalent to his citizenship. Williamson v. Osenton, 232 U.S. 619, 625 (1914). A person is considered to be a citizen of the state in which he is domiciled. Lundquist v. Precision Valley Aviation, Inc. 946 F.2d 8, 10 (1st Cir. 1991). Domicile generally requires two (2) elements: (1) physical presence in a state and (2) the intent to remain there indefinitely. See, Valentin v. Hospital Bellavista, 254 F.3d 358, 366 (C.A. Puerto Rico 2001).

5. A change of one's legal domicile can occur instantly. Morris v. Gilmer, 129 U.S. 315 (1889). Furthermore, it has long been the rule that motive for the change in residence is irrelevant in determining domicile. See, Hawes v. Club Ecuestre El Comandante 598 F.2d 698, 701 (C.A. Puerto Rico, 1979) (internal citations omitted).

6. The party asserting diversity jurisdiction bears the burden of proof. Lew v. Moss 797 F.2d 747, 749 (9th Cir. 1986). The existence of domicile is determined as of the time the

lawsuit is filed. Id., at 750. The determination of domicile involves a number of factors including, but not limited to:

   a. Current residence;

   b. Voting registration;

   c. Location of personal and real property;

   d. Location of spouse and family;

   e. Membership in unions and other organizations;

   f. Place of employment or business;

   g. Driver's license and automobile registration;

   h. Acquisition and use of a telephone number, receipt of mail, etc. See, Simmons v. Skyway of Ocala, 592 F.Supp. 356, 359 (SD Ga. 1984); see also, Garcia Perez v. Santaella, 364 F.3d 348, 351 (C.A. Puerto Rico 2004) (internal citations omitted).

7. On the day this lawsuit was filed, December 27, 2007, Coach Rodriguez was physically present in the State of Michigan, and his intent to stay in the State of Michigan indefinitely is evidenced by the following:

   a. His obtaining employment in the State of Michigan;

   b. The acquisition of Michigan driver's licenses by both Coach Rodriguez and his spouse;

   c. Coach Rodriguez's and his spouse's registering to vote in the State of Michigan;

   d. Establishment of a business office in the State of Michigan; and

   e. Establishment of a Michigan telephone number and mailing address.

8. This Notice of Removal is filed within thirty (30) days of the receipt by the Defendant of a copy of the initial pleadings setting forth the claim for relief upon which the action is based. (See "Exhibit A").

9. Notice of this removal has been filed with and provided to the Clerk of the Circuit Court of Monongalia County, West Virginia. Copy of said Notice is attached hereto as "Exhibit B".

10. The Defendant has complied with all applicable provisions of 28 U.S.C. §1446 governing the process for removal.

**WHEREFORE**, Defendant Rodriguez respectfully requests that this action be removed to the United States District Court for the Northern District of West Virginia, Clarksburg Division.

                                                      **RICHARD RODRIGUEZ**
                                                     ---------By Counsel----------

_____
Sean P. McGinley, Esq. (WV Bar No. 5836)
**DITRAPANO BARRETT & DIPIERO PLLC**
604 Virginia Street East
Charleston, WV 25301
Phone: 304-342-0133
Fax: 304-342-4605

Marvin A. Robon, Esq. (OH/0000644)
R. Ethan Davis, Esq. (OH/0073861)
**BARKAN & ROBON LTD.**
1701 Woodlands Drive, Suite 100
Maumee, OH 43537
Phone: (419) 897-6500
Fax: (419) 897-6200
    Co-counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CLARKSBURG DIVISION

WEST VIRGINIA UNIVERSITY
BOARD OF GOVERNORS for and on behalf of
WEST VIRGINIA UNIVERSITY,

    Plaintiff,

v.                                               Civil Action No. _____

**RICHARD RODRIGUEZ,**

    Defendant.

## CERTIFICATE OF SERVICE

    I, Sean P. McGinley, do certify that on this 15th day of January 2008, I served a true and exact copy of the foregoing on counsel of record via first class U.S. mail as follows:

Thomas V. Flaherty, Esq.
Jeffrey M. Wakefield, Esq.
Jaclyn A. Bryk, Esq.
**FLAHERTY SENSABAUGH & BONASSO, PLLC**
PO Box 3843
Charleston, WV 25338-3843

_____
Sean P. McGinley, Esq. (WV bar No. 5836)