## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## CLARKSBURG DIVISION

**WEST VIRGINIA UNIVERSITY**
**BOARD OF GOVERNORS for and on**
**behalf of WEST VIRGINIA UNIVERSITY,**

        **Plaintiff,**

**v.**                                         Civil Action No.: 1:08-CV-00041
                                               (Honorable Irene M. Keeley)

**RICHARD RODRIGUEZ,**

        **Defendant.**

### PLAINTIFF WEST VIRGINIA UNIVERSITY BOARD OF GOVERNORS' MOTION TO REMAND AND MOTION FOR COSTS, EXPENSES, AND ATTORNEY FEES

COMES NOW the plaintiff, West Virginia University Board of Governors for and on behalf of West Virginia University [the "University"], and moves to remand this action to the Circuit Court of Monongalia County, West Virginia. The University further seeks costs and expenses, including attorney fees, incurred as a result of the removal. See 28 U.S.C. § 1447(c).

In support of this Motion, the University avers as follows:

1. The University filed this action in the Circuit Court of Monongalia County, West Virginia on December 27, 2007. The defendant, Richard Rodriguez ["Rodriguez"], removed this action to this Court on January 16, 2008 claiming that the parties are of diverse citizenship. "Notice of Removal" (Jan. 16, 2007). Rodriguez purports to remove the action pursuant to 28 U.S.C. § 1441(a), § 1446, and § 1332 claiming that he was a citizen of Michigan on the date the action was filed. Id. at ¶¶ 2, 4.

2. 28 U.S.C. § 1332 provides in relevant part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value

of $75,000, exclusive of interest and costs, and is between … citizens of different states[.]" "The party seeking to invoke federal court jurisdiction carries the burden of establishing diversity." McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936) cited in Mylan Pharmaceuticals v. Cunard, No. 1:06-cv-117 (N.D.W.Va. Sept. 5, 2006) (order granting motion to remand). See also Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004). "Further, 'diversity of citizenship is assessed at the time the action is filed.'" Freeport-McMoRan, Inc. v. K.N. Energy, Inc., 498 U.S. 426, 428 (1991) quoted in Mylan, Id.

3. The University is an arm of the State. Syl. pt. 1, City of Morgantown v. Ducker, 153 W.Va. 121, 168 S.E.2d 298 (1969). Accord Syl. pt. 1, University of West Virginia Board of Trustees v. Graf, 205 W.Va. 118, 516 S.E.2d 741 (1998); Syl. pt. 2, State ex rel. Board of Governors of West Virginia University v. Sims, 134 W.Va. 428, 59 S.E.2d 705 (1950). As such, the University is a not a citizen for purposes of diversity citizenship. See e.g. Ristow v. South Carolina Ports Auth., 27 F.3d 84, 89 (4th Cir. 1994), vacated on other grounds 513 U.S. 1011 (1994), quoted in West Virginia ex rel. McGraw v. Minnesota Mining & Mfg. Co., 354 F.Supp.2d 660, 663 (S.D.W.Va. 2005). See also State of West Virginia v. Anchor Hocking Corp., 681 F.Supp. 1175, 1177 (N.D.W.Va. 1987) review denied by 857 F.2d 1469 (4th Cir. 1988). Accordingly, this action is not appropriate for removal based on diversity pursuant to 28 U.S.C. § 1332 and should be remanded to the Circuit Court of Monongalia County.

4. This action should also be remanded as Rodriguez was a citizen of West Virginia at the time this action was filed – December 27, 2007. "In order to be a citizen of a State within the meaning of the diversity statute, [28 U.S.C. § 1332(a),] a natural person must both be a citizen of the United States *and* be domiciled within the state." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) (*emphasis* in original) cited in Mylan, No. 1:06-cv-00117 at p.

2. This Court recognizes that "[t]wo elements are necessary to establish domicile: 1) physical presence in the claimed domicile, and 2) an intent to remain there indefinitely." White v. All America Cable & Radio, Inc., 642 F.Supp. 69, 72 (D.P.R. 1986) (internal citations omitted) quoted in Mylan, Id. Upon information and belief, Rodriguez owned and lived in his West Virginia residence and was a resident of West Virginia on December 27, 2007. Rodriguez was personally served with the Summons and Complaint at his West Virginia residence on December 29, 2007. See Summons, attached as Exhibit "A." Rodriguez and his family resided in the West Virginia residence for a number of years prior to the filing of this action. Upon information and belief, Rodriguez's wife and children continue to reside in the West Virginia residence and his children continue to attend school in West Virginia. Furthermore, as late as January 10, 2008, which is two weeks after the filing of this action, Rodriguez sent correspondence providing his West Virginia residence as the return address. See Envelope of correspondence from Rodriguez (Jan. 10, 2008), attached as Exhibit "B." Therefore, even if the University was a citizen, diversity jurisdiction is still unavailing and this action should be remanded to the Circuit Court of Monongalia County.

5. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." "The decision whether to award fees and costs under 28 U.S.C. § 1447(c) is discretionary." Watson v. Charleston Housing Auth., 83 F.Supp.2d 709, 712 (S.D.W.Va. 2000) (internal citations omitted). Moreover, "[b]ad faith is not necessary to support an award of fees and costs under § 1447(c)." In re Lowe, 102 F.3d 731, 733 (4th Cir. 1996) cited in Watson, Id. "The purpose, instead, is to reimburse a party for the costs associated with responding to an improper removal." Liebig v. DeJoy, 814 F.Supp. 1074, 1077 (M.D.Fla. 1993) cited in Watson,

Id.  Rodriguez improperly removed this case under 28 U.S.C. § 1332 despite clear authority that the University, as an arm of the State, is not a citizen for purposes of diversity jurisdiction. Moreover, Rodriguez was clearly a citizen of West Virginia on the date this action was filed making any attempt to remove this action for diversity improper.

WHEREFORE, the plaintiff, West Virginia University Board of Governors for and on behalf of West Virginia University, for the reasons stated above and in the accompanying Memorandum of Law, respectfully request this Honorable Court grant its Motion to Remand as the University, as an arm of the State, is not a citizen for purposes of diversity jurisdiction under 28 U.S.C. § 1332, or, in the alternative, as the defendant, Richard Rodriguez, was a citizen of West Virginia when this action was filed.  The University further seeks reimbursement for costs, expenses, and attorney fees incurred by the University as a result of the removal pursuant to 28 U.S.C. § 1447(c).

**WEST VIRGINIA UNIVERSITY BOARD OF GOVERNORS for and on behalf of WEST VIRGINIA UNIVERSITY,**

By Counsel,

/s/ Jeffrey M. Wakefield
Thomas V. Flaherty (WV Bar No. 1213)
Jeffrey M. Wakefield (WV Bar No. 3894)
Jaclyn A. Bryk (WV Bar No. 9969)
Flaherty, Sensabaugh & Bonasso, PLLC
Post Office Box 3843
Charleston, West Virginia  25338-3843
Telephone: (304) 345-0200
Facsimile: (304) 345-0260