IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

**WEST VIRGINIA UNIVERSITY
BOARD OF GOVERNORS for and on
behalf of WEST VIRGINIA UNIVERSITY,**

      **Plaintiff,**

**v.**                               **Civil Action No.: 1:08-CV-00041
                                       (Honorable Irene M. Keeley)**

**RICHARD RODRIGUEZ,**

      **Defendant.**

**PLAINTIFF WEST VIRGINIA UNIVERSITY BOARD OF GOVERNORS'
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND AND
<u>MOTION FOR COSTS, EXPENSES, AND ATTORNEY FEES</u>**

**<u>PRELIMINARY STATEMENT</u>**

Diversity jurisdiction does not exist in this action for two separate reasons and this action must be remanded to the Circuit Court of Monongalia County, West Virginia. First, the plaintiff, West Virginia University Board of Governors [the "University"], is an arm of the State of West Virginia and, as such, is not a citizen for purposes of diversity jurisdiction. Second, the defendant, Richard Rodriguez ["Rodriguez"], is not of diverse citizenship for purposes of this action. Rodriguez was a citizen of West Virginia at the time this action was filed and such citizenship controls for purposes of jurisdiction. Accordingly, the University respectfully requests remand of this action to the Circuit Court of Monongalia County, West Virginia, as Rodriguez has no basis in law or fact for removing the action to this Court.

**<u>FACTS</u>**

The University filed this action in the Circuit Court of Monongalia County, West Virginia on December 27, 2007. The University seeks relief in the form of a declaration that the

employment agreement between the University and Rodriguez is a valid and enforceable contract and that Rodriguez is required to pay the University liquidated damages arising out of his termination of the employment agreement. The University is an entity created by West Virginia statute and for all intents and purposes is an arm of the State. See W.Va. Code § 18B-2A-1, et seq.

Rodriguez removed this action to this Court on January 16, 2008 claiming that the parties are of diverse citizenship. "Notice of Removal" (Jan. 16, 2007). Rodriguez purports to remove the action pursuant to 28 U.S.C. § 1441(a), § 1446, and § 1332 claiming that he was a citizen of Michigan on the date the action was filed. Id. at ¶¶ 2, 4.

On December 27, 2007, Rodriguez owned a residence in Monongalia County, West Virginia. Upon information and belief, Rodriguez lived in his West Virginia residence and was a resident of West Virginia on December 27, 2007. Rodriguez and his family resided in the West Virginia residence for a number of years prior to the filing of this action. Upon information and belief, Rodriguez's wife and children continue to reside in the West Virginia residence and his children continue to attend school in West Virginia.

Rodriguez was personally served with the Summons and Complaint at his West Virginia residence on December 29, 2007. See Summons, attached as Exhibit "A." Furthermore, an employee of the University received correspondence from Rodriguez dated January 10, 2008 in which Rodriguez listed his West Virginia residence as the return address. See Envelope of correspondence from Rodriguez (Jan. 10, 2008), attached as Exhibit "B." Accordingly, for purposes of this action, Rodriguez is a citizen of West Virginia.

**ARGUMENT**

28 U.S.C. § 1332 provides in relevant part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different states[.]" This Court recognizes that "[t]he party seeking to invoke federal court jurisdiction carries the burden of establishing diversity." McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936) cited in Mylan Pharmaceuticals v. Cunard, No. 1:06-cv-117 (N.D.W.Va. Sept. 5, 2006) (order granting motion to remand). See also Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004). This Court further recognizes that "diversity of citizenship is assessed at the time the action is filed." Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991) quoted in Mylan, Id. "Citizenship … presents a preliminary question of fact to be determined by the trial court." Sligh v. Doe, 596 F.2d 1169, 1171 (4th Cir. 1979) quoted in Mylan, Id.

As fully set forth below, Rodriguez fails to meet the burden of establishing diversity not only as the University is not a citizen for purposes of diversity jurisdiction, but also because the overwhelming evidence supports the conclusion that Rodriguez was a citizen of West Virginia at the time the action was filed. Accordingly, the University respectfully requests remand of this action to the Circuit Court of Monongalia County, West Virginia.

**I.  THIS ACTION IS NOT REMOVABLE AS THE UNIVERSITY IS NOT A CITIZEN FOR PURPOSES OF DIVERSITY JURISDICTION.**

The University is an arm of the State and, as such, is a not a citizen for purposes of diversity citizenship. Accordingly, this action is not appropriate for removal based on diversity pursuant to 28 U.S.C. § 1332 and should be remanded to the Circuit Court of Monongalia County.

3

28 U.S.C. § 1332 provides that district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). However, "neither a state nor its alter ego is a citizen for purposes of diversity jurisdiction[.]" Ristow v. South Carolina Ports Auth., 27 F.3d 84, 89 (4th Cir. 1994) (internal citations omitted), vacated on other grounds 513 U.S. 1011 (1994), quoted in West Virginia ex rel. McGraw v. Minnesota Mining & Mfg. Co., 354 F.Supp.2d 660, 663 (S.D.W.Va. 2005).[1] See also State of West Virginia v. Anchor Hocking Corp., 681 F.Supp. 1175, 1177 (N.D.W.Va. 1987) review denied by 857 F.2d 1469 (4th Cir. 1988) ("It is well settled that a state may not be considered a citizen in order to establish diversity jurisdiction.") Therefore, "a suit between a state, or its alter ego, and a citizen of another state is not a suit between citizens of different states and diversity does not exist." Ristow, 27 F.3d at 89 quoted in Mylan, 354 F.Supp.2d at 663.

Although citizenship for purposes of diversity jurisdiction is generally a question of federal law, whether the University is a citizen of West Virginia or an alter ego of West Virginia for purposes of diversity jurisdiction is governed by the law of West Virginia. See e.g. Hughes-Bechtol, Inc. v. West Virginia Board of Regents, 737 F.2d 540, 543 (6th Cir. 1984) cert. denied 469 U.S. 1018 (1984). The University is an entity created by West Virginia statute. See W.Va. Code § 18B-2A-1, et seq. The West Virginia Supreme Court of Appeals has made it abudently clear that "[t]he Board of Governors of West Virginia University is a State agency, and, as such, is an arm of the State …" Syl. pt. 1, City of Morgantown v. Ducker, 153 W.Va. 121, 168 S.E.2d

---

[1] Counsel for Rodriguez, Sean P. McGinley, Esq., also served as counsel for the State of West Virginia in West Virginia ex rel. McGraw v. Minnesota Mining & Mfg. Co. In West Virginia ex rel. McGraw, the defendants, foreign corporations, removed the action to the United States District Court for the Southern District of West Virginia based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The State moved to remand the action back to state court. Mr. McGinley, as counsel for the State, successfully took the position that the action was not removable for diversity as neither the State nor its alter ego is a citizen for purposes of diversity jurisdiction.

4

298 (1969). Accord Syl. pt. 1, University of West Virginia Board of Trustees v. Graf, 205 W.Va. 118, 516 S.E.2d 741 (1998); Syl. pt. 2, State ex rel. Board of Governors of West Virginia University v. Sims, 134 W.Va. 428, 59 S.E.2d 705 (1950). Therefore, the University, as an arm of the State, is not a citizen for purposes of diversity jurisdiction and is not subject to federal jurisdiction pursuant to 28 U.S.C. § 1332 even if one were to accept that Rodriguez was a citizen of Michigan at the time the action was filed. See Ristow, 27 F.3d at 89. Accordingly, this action must unquestionably be remanded to the Circuit Court of Monongalia County.

## II. THIS ACTION IS NOT REMOVABLE AS RODRIGUEZ WAS, AT ALL RELEVANT TIMES, A CITIZEN OF WEST VIRGINIA.

In addition to the fact that the University is not a citizen for purposes of diversity jurisdiction, this action should also be remanded to state court as Rodriguez was a citizen of West Virginia at the time this action was filed – December 27, 2007. Therefore, even if the University was a citizen, diversity jurisdiction is still unavailing and this action should be remanded to the Circuit Court of Monongalia County.

As previously noted, 28 U.S.C. § 1332 provides that district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). "In order to be a citizen of a State within the meaning of the diversity statute, [28 U.S.C. § 1332(a),] a natural person must both be a citizen of the United States *and* be domiciled within the state." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) (*emphasis* in original) cited in Mylan, No. 1:06-cv-00117 at p. 2. Diversity citizenship is only available when all parties are of completely diverse citizenship. Herrick Co., Inc. v. SCS Communications, Inc., 251 F.3d 315, 322 (2nd Cir. 2001). "'Domicile is not necessarily synonymous with 'residence,' … and one can reside in one place but be domiciled in another." Mississippi Band of Choctaw Indians v.

5

Holyfield, 490 U.S. 30, 48 (1989) (citations omitted) quoted in Mylan, Id. This Court recognizes that "[t]wo elements are necessary to establish domicile: 1) physical presence in the claimed domicile, and 2) an intent to remain there indefinitely." White v. All America Cable & Radio, Inc., 642 F.Supp. 69, 72 (D.P.R. 1986) (internal citations omitted) quoted in Mylan, Id.

As previously stated, "diversity of citizenship is assessed at the time the action is filed." Freeport-McMoRan, 498 U.S. at 428. Furthermore, "[d]iversity jurisdiction is unaffected by changes in citizenship of parties after complaint has been filed." Jones v. Law Firm of Hill and Ponton, 141 F.Supp.2d 1349, 1355 (M.D. Fla. 2001) (internal citations omitted). In determining intent for purposes of establishing citizenship, the court must consider the totality of the evidence and afford no single factor controlling weight. Greenblatt v. Gluck, 265 F.Supp.2d 346, 351 (S.D.N.Y. 2003). However, a person's residence provides *prima facie* evidence of domicile. Willis v. Westin Hotel Co., 651 F.Supp. 598, 601 (S.D.N.Y. 1986) (internal citations omitted). A presumption exists in favor of an original or former domicile as opposed to an acquired one when determining diversity jurisdiction. Herzog v. Herzog, 333 F.Supp. 477, 478 (W.D.Pa. 1971). Moreover, making known an intention to take employment in another state is not alone sufficient to establish citizenship in light of other factors. See e.g. Webb v. Nolan, 361 F.Supp. 418, 421 (D.C.N.C. 1972).

In Mylan Pharmaceuticals v. Cunard, civil action number 1:06-cv-117 (Sept. 5, 2006), this Court addressed whether a defendant effectively established domiciliary status in another state for purposes of diversity jurisdiction at or before the time the plaintiff filed the action in West Virginia state court. The plaintiff filed the action in a West Virginia state court in order to compel arbitration. Mylan, no. 1:06-cv-117 at p. 1. There was no dispute that the defendant was a resident of West Virginia prior to leaving the plaintiff's employment. Id. at p. 3. The

defendant removed the action under 28 U.S.C. § 1332 for diversity jurisdiction claiming that he was domiciled in Georgia, not West Virginia, at or before the time the action was filed. The defendant argued that he was domiciled in Georgia because he resided in a hotel room in Georgia, had begun working for another employer, was in the process of buying a house in Georgia, and intended to work and reside in Georgia with his family at the time the action was filed. Id. The plaintiff argued that the defendant was not a citizen of Georgia because the plaintiff identified his current address as a West Virginia address and only that he intended to move into a Georgia residence in the future. Id.

In Mylan, this Court noted the following approach for determining a party's intent when conducting an analysis of domiciliary status:

> In divining a party's intent, the court uses a "totality of the evidence" approach, and no single factor is conclusive. Pertinent factors include the place where civil and political rights are exercised, taxes paid, real and personal property (such as furniture and automobiles) located, driver's and other licenses obtained, bank accounts maintained, and places of business or employment. Other factors are relevant, such as whether the persons owns or rents his place of residence, how permanent the residence appears, and the location of the person's physician, lawyer, accountant, dentists, stockbroker, etc.

Greenblatt v. Gluck, 265 F.Supp.2d 346, 351 (S.D.N.Y. 2003) (internal citations omitted) quoted in Mylan, Id. at p. 4. In looking to the totality of the evidence, this Court determined that "while [the defendant] had started work for Glades [in Georgia], neither his home, his family, nor other indicia of citizenship, such as a driver's license, was located or registered in Georgia at the time." Id. at p. 5. The defendant also indicated that he considered West Virginia, where he had been domiciled for years, to be his place of residence. Id. The Court further noted that the defendant's wife and family resided in West Virginia on the date the action was filed and that the defendant failed to provide the Court with evidence that he obtained a Georgia driver's license,

7

opened bank accounts in Georgia, or registered to vote in Georgia at the time the action was filed. Id. at p. 5. The defendant further failed to provide the Court with evidence that he moved substantial personal property to Georgia at the time the action was filed. Id. As such, this Court concluded that the defendant failed to meet his burden of proving an intent to remain indefinitely in Georgia on the date the action was filed and ordered the action remanded to state court.

In this case, the Complaint was filed and Summons was issued on December 27, 2007. Rodriguez was personally served at his West Virginia residence on December 29, 2007. See Ex. A. Upon information and belief, Rodriguez owned and lived in his West Virginia residence and was a resident of West Virginia on December 27, 2007. Rodriguez and his family resided in the West Virginia residence for a number of years prior to the filing of this action. Upon information and belief, Rodriguez's wife and children continue to reside in the West Virginia residence and his children continue to attend school in West Virginia. Furthermore, as late as January 10, 2008, which is two weeks after the filing of this action, Rodriguez sent correspondence providing his West Virginia residence as the return address. See Ex. B. Rodriguez's declarations concerning his domicile on December 27, 2007, as any self-serving statement, should be afforded a requisite amount of judicial skepticism. See e.g. Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 3612 (2nd ed. 1989) (Supp. 2007). For purposes of this action, Rodriguez is a citizen of West Virginia and not a diverse party subject to diversity jurisdiction under 28 U.S.C. § 1332. Accordingly, this action must be remanded to the Circuit Court of Monongalia County.[2]

---

[2] The University acknowledges that this issue might create a need for jurisdictional discovery, but only if the Court rejects the University's overwhelming argument that the University is not a citizen of West Virginia for purposes of jurisdiction under 28 U.S.C. § 1332.

**III. THE UNIVERSITY IS ENTITLED TO COSTS AND EXPENSES, INCLUDING ATTORNEY FEES, INCURRED AS A RESULT OF REMOVAL.**

The University seeks, along with remand, an order requiring Rodriguez to pay costs, expenses, and attorney fees incurred by the University as a result of removal. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." "The decision whether to award fees and costs under 28 U.S.C. § 1447(c) is discretionary." Watson v. Charleston Housing Auth., 83 F.Supp.2d 709, 712 (S.D.W.Va. 2000) (internal citations omitted). Moreover, "[b]ad faith is not necessary to support an award of fees and costs under § 1447(c)." In re Lowe, 102 F.3d 731, 733 (4th Cir. 1996) cited in Watson, Id. "The purpose, instead, is to reimburse a party for the costs associated with responding to an improper removal." Liebig v. DeJoy, 814 F.Supp. 1074, 1077 (M.D.Fla. 1993) cited in Watson, Id.

Rodriguez improperly removed this case under 28 U.S.C. § 1332. First, Rodriguez improperly removed the case despite clear authority that the University, an arm of West Virginia, is not a citizen for purposes of diversity jurisdiction. See e.g. West Virginia ex rel. McGraw, 354 F.Supp.2d 660; Anchor Hocking Corp., 681 F.Supp. 1175. See also Syl. pt. 1, City of Morgantown, 153 W.Va. 121, 168 S.E.2d 298 ("The Board of Governors of West Virginia University is a State agency, and, as such, is an arm of the State …"). Rodriguez should be well aware of this fact considering that his counsel in this case was counsel for the plaintiff in West Virginia ex rel. McGraw and moved to remand on this same basis as the University in this case. Second, Rodriguez was clearly a citizen of West Virginia on the date this action was filed making any attempt to remove this action for diversity improper. See supra at Sec. II. Accordingly, the University seeks, along with remand, an order requiring Rodriguez to pay costs,

expenses, and attorney fees incurred by the University as a result of removal pursuant to 28 U.S.C. § 1447(c).

## CONCLUSION

WHEREFORE, the plaintiff, West Virginia University Board of Governors for and on behalf of West Virginia University, respectfully request this Honorable Court grant its Motion to Remand not only as the University, as an arm of the State, is not a citizen for purposes of diversity jurisdiction under 28 U.S.C. § 1332, but also as the defendant, Richard Rodriguez, was a citizen of West Virginia when this action was filed. The University further seeks reimbursement for costs, expenses, and attorney fees incurred by the University as a result of the removal pursuant to 28 U.S.C. § 1447(c).

**WEST VIRGINIA UNIVERSITY BOARD OF GOVERNORS for and on behalf of WEST VIRGINIA UNIVERSITY,**

By Counsel,

/s/ Jeffrey M. Wakefield
Thomas V. Flaherty (WV Bar No. 1213)
Jeffrey M. Wakefield (WV Bar No. 3894)
Jaclyn A. Bryk (WV Bar No. 9969)
Flaherty, Sensabaugh & Bonasso, PLLC
Post Office Box 3843
Charleston, West Virginia 25338-3843
Telephone: (304) 345-0200
Facsimile: (304) 345-0260