## First Amendment to the Employment Agreement for Richard Rodriguez

This First Amendment to the Employment Agreement (this "First Amendment") is made by and between West Virginia University Board of Governors for and on behalf of West Virginia University ("University") and Richard Rodriguez ("Coach") as of this ~~20th~~ 24 day of June, 2006.

Recitals    *zb*   24   RMR

A.  University and Coach entered into an Employment Agreement effective December 21, 2002 (the "Agreement").

B.  University and Coach now desire to amend the Agreement by modifying the following Sections thereof.

In consideration of the mutual covenants and conditions contained herein University and Coach agree that, effective March 1, 2006, the Agreement is amended as follows:

1.  The first sentence of Section II, under the heading Term, is hereby deleted and the following substituted therefor:

    This Agreement shall be for a term beginning effective July 1, 2006 and ending at 11:59 p.m. on the 15th day of January, 2013 ("the Termination Date").

2.  The first sentence of Section III.C.4, under the heading Supplemental Compensation, is hereby deleted and the following substituted therefor:

    For the period from July 1, 2006 through January 15, 2007, University will guarantee Coach the sum of Five Hundred Ten Thousand, Four Hundred Sixteen Dollars and Sixty-Seven Cents ($510,416.67) as supplemental compensation during said period for promotional activities, payable in equal semi-monthly installments on the fifteenth and the last day of each calendar month. University will guarantee Coach the sum of Nine Hundred Thousand Dollars ($900,000.00) for the Agreement Year beginning January 16, 2007, increasing in each subsequent Agreement Year by Fifty Thousand Dollars ($50,000.00) per year, as supplemental compensation during the term of this Agreement for promotional activities, payable in equal semi-monthly installments on the fifteenth and the last day of each calendar month.

3.  A new Section III.C.7 is hereby inserted, as follows:

    Deferred Compensation. For each regular football season in which Coach serves as head football coach of the University's football team, beginning with the 2006 football season and ending with the 2011 football season, Coach shall receive $100,000.00, payable in a single, lump-sum payment, less applicable payroll tax withholdings, on December 5, 2011; provided, however, that Coach shall forfeit all entitlement to said payment if Coach ceases to be employed as head football

**EXHIBIT**

"B"

Dockets.Justia.c

coach of the University's football team prior to December 5, 2011 for any reason other than termination without cause by University, as set forth in Section V.C. The benefit provided pursuant to this Section III.C.7 (i) is intended to be unfunded for tax purposes, (ii) is not provided pursuant to an eligible plan within the meaning of Section 457 of the Internal Revenue Code of 1986, as amended (the "Code"), (iii) is intended to be subject to a substantial risk of forfeiture in accordance with Section 457(f) of the Code, and (iv) shall be open to good-faith revision by the parties to the extent reasonably necessary in the event that changes in the Code, applicable regulations or Internal Revenue Service guidance affect the tax consequences of the plan in a manner which materially impacts the intentions of the parties. Notwithstanding the foregoing, University neither guarantees, warrants, nor makes any representations concerning the tax treatment of any payments made pursuant to this Section III.C.7.

4. Section V.C., under the subheading Termination Without Cause by University, is hereby deleted and the following substituted therefor:

Termination Without Cause by University. In addition to the provisions set forth above, there also is reserved to University the right to terminate this Agreement without cause at any time. In the event that University terminates Coach without cause, University will pay Coach: 1) all base salary, supplemental compensation and incentive compensation earned as of the date of termination; and 2) the further sum of Two Million Dollars ($2,000,000.00) if termination occurs on or before August 31, 2007, or One Million Five Hundred Thousand Dollars ($1,500,000.00) if termination occurs after August 31, 2007 and on or before August 31, 2008, or One Million Dollars ($1,000,000.00) if termination occurs after August 31, 2008 and on or before January 15, 2013. This sum shall be deemed to be liquidated damages and extinguish all rights of Coach to any further compensation from University, except as set forth in Section III.C.7. All sums required to be paid by University to Coach under this paragraph shall be payable within two years of termination of Coach by University without cause, according to the following schedule: one-third due 30 days after termination; one-third due one year after termination; and one-third due two years after termination. Except as specifically set forth in this Agreement, all benefits and entitlements of Coach hereunder will terminate as of the date of termination by University without cause. Coach shall have no duty to mitigate, nor shall University have any right of offset.

5. Section V.D., under the subheading Termination by Coach, is hereby deleted and the following substituted therefor:

Termination by Coach.

(1) In the event that Coach terminates this Agreement because of material and substantial breach by University, which breach has gone uncured for thirty (30) days after written notice thereof by Coach to University, University will

-2-

pay Coach: a) all base salary, supplemental compensation and incentive compensation earned as of the date of termination; and b) the further sum of Two Million Dollars ($2,000,000.00) if termination occurs on or before August 31, 2007, or One Million Five Hundred Thousand Dollars ($1,500,000.00) if termination occurs after August 31, 2007 and on or before August 31, 2008, or One Million Dollars ($1,000,000.00) if termination occurs after August 31, 2008 and on or before January 15, 2013. This sum shall be deemed to be liquidated damages and extinguish all rights of Coach to any further compensation from University, except as set forth in Section III.C.7. All sums required to be paid by University to Coach under this paragraph shall be payable within two years of Coach's termination of the Agreement because of material, substantial, and uncured breach as described above, according to the following schedule: one-third due 30 days after termination; one-third due one year after termination; and one-third due two years after termination. Except as specifically set forth in this Agreement, all benefits and entitlements of Coach hereunder will terminate as of the date of termination by University without cause. Coach shall have no duty to mitigate, nor shall University have any right of offset.

(2) Except as provided in Article V(B), if Coach terminates the agreement for any reason without breach of the Agreement by University, in addition to all other forfeitures and penalties provided herein, Coach will pay University the sum of Two Million Dollars ($2,000,000.00) if termination occurs on or before August 31, 2007, or One Million Five Hundred Thousand Dollars ($1,500,000.00) if termination occurs after August 31, 2007 and on or before August 31, 2008, or One Million Dollars ($1,000,000.00) if termination occurs after August 31, 2008 and on or before January 15, 2013. This sum shall be deemed to be liquidated damages and extinguish all rights of University to any further payment from Coach. All sums required to be paid by Coach to University under this paragraph shall be payable within two years of termination by Coach without breach of the Agreement by University, according to the following schedule: one-third due 30 days after termination; one-third due one year after termination; and one-third due two years after termination.

(3) In the event of an asserted permanent retirement by Coach, and in the further event that Coach resumes any coaching responsibilities with any other institution of higher education within three (3) years of his asserted retirement, Coach shall be obligated to pay University the sum of Two Million Dollars ($2,000,000.00) if retirement occurred on or before August 31, 2007, or One Million Five Hundred Thousand Dollars ($1,500,000.00) if retirement occurred after August 31, 2007 and on or before August 31, 2008, or One Million Dollars ($1,000,000.00) if retirement occurred after August 31, 2008 and on or before January 15, 2013. All sums required to be paid by Coach to University under this paragraph shall be payable within two years of termination by Coach without breach of the Agreement by University,

-3-

according to the following schedule: one-third due 30 days after termination; one-third due one year after termination; and one-third due two years after termination. This sum shall be deemed to be liquidated damages and extinguish all rights of University to any further payment from Coach.

6.  Except as set forth in this First Amendment, the Agreement remains in full force and effect and unamended.

In witness whereof the parties hereto have set their hands and seals by their fully authorized representatives.

West Virginia University Board of Governors
On behalf of West Virginia University
David C. Hardesty, President


Ed Pastilong
Director of Athletics

Witness


Acknowledged by


Richard Rodriguez

-4-