IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

**WEST VIRGINIA UNIVERSITY
BOARD OF GOVERNORS for and on
behalf of WEST VIRGINIA UNIVERSITY,**

      **Plaintiff,**

v.                                 Civil Action No.: 1:08-CV-00041
                                       (Honorable John P. Bailey)

**RICHARD RODRIGUEZ,**

      **Defendant.**

### PLAINTIFF WEST VIRGINIA UNIVERSITY BOARD OF GOVERNORS' MOTION FOR JURISDICTIONAL DISCOVERY

COMES NOW the plaintiff, West Virginia University Board of Governors for and on behalf of West Virginia University [the "University"], pursuant to Rules 26(b)(1) and 26(d) of the Federal Rules of Civil Procedure, and moves for the entry of an order permitting the parties to engage in discovery for the limited purpose of discerning whether the defendant, Richard Rodriguez ["Rodriguez"], was a citizen of Michigan on December 27, 2007 for purposes of diversity jurisdiction. Such relief should include the ability of the University to immediately depose Rodriguez and his wife, serve written discovery, and issue subpoenas.

In support of this Motion, the University avers as follows:

1. On January 15, 2008, Rodriguez removed this action from the Circuit Court of Monongalia County, West Virginia. See Notice of Removal (Jan. 15, 2008). Rodriguez claims that he was a citizen of the State of Michigan on the date this action was filed and, therefore, may remove this action based upon diversity jurisdiction.

2. The University moved to remand this action on January 18, 2008. See Plaintiff's Motion to Remand (Jan. 18, 2008). The University states that, as an arm of the State, it is not a

citizen of West Virginia and, therefore, not subject to diversity jurisdiction.  See West Virginia ex rel. McGraw v. Minnesota Mining & Mfg. Co., 354 F.Supp.2d 660 (S.D.W.Va. 2005); State of West Virginia v. Anchor Hocking Corp., 681 F.Supp. 1175 (N.D.W.Va. 1987) review denied by 857 F.2d 1469 (4th Cir. 1988).  Although this argument is dispositive on the jurisdictional issue, the University further argues that this Court lacks diversity jurisdiction since, upon information and belief, Rodriguez was a citizen of West Virginia rather than Michigan at the time this action was removed.  Id.

3. Although discovery is generally not permitted before the parties have conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Rule 26(d) provides that parties may be permitted to engage in discovery before that time when authorized by the rules or by court order.  Fed.R.Civ.P. 26(d) (Dec. 1, 2007).  In accordance, Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense …" Fed.R.Civ.P. 26(b)(1) (Dec. 1, 2007).  Accordingly, the court may order discovery on jurisdictional issues. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) cited in Clark v. Milam, 813 F.Supp. 431, 435 (S.D.W.Va. 1993).  Such discovery is available to ascertain facts bearing on issues of jurisdiction.  Oppenheimer Funds, Id. at p. 350-351.  "'Where pertinent facts bearing on the question of jurisdiction are controverted ... or where a more satisfactory showing of the facts is necessary' courts should allow for discovery."  Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 (9th Cir. 1977) quoted in Marshall v. McCown Deleeuw & Co., 391 F.Supp.2d 880, 882 (D. Idaho 2005).

4. This Court uses a "totality of the evidence" approach in determining a party's citizenship for purposes of diversity jurisdiction.  See e.g. Mylan Pharmaceuticals v. Cunard,

civil action number 1:06-cv-117 (Sept. 5, 2006). Using this approach, a number of factors are considered when determining a party's citizenship, but no single factor is conclusive. Id. at p. 4. Accordingly, it becomes necessary to engage in discovery in order to assess the "totality of the evidence" when faced with the removing party's self-serving statements that diversity exists.

5. Jurisdictional discovery is necessary to resolve, in part, the jurisdictional issues raised in the University's Motion to Remand as, upon information and belief, Rodriguez was a citizen of West Virginia on December 27, 2007. Rodriguez maintains a residence in West Virginia and was personally served with this action in West Virginia. His family continues to reside in the West Virginia residence and his children attend school in West Virginia. Moreover, employees of the University received a letter dated January 10, 2008 from Rodriguez with his West Virginia residence listed as the return address. Therefore, at minimum, there are questions regarding Rodriguez's citizenship at the time this action was filed.

WHEREFORE, the plaintiff, West Virginia University Board of Governors for and on behalf of West Virginia University, for the reasons stated above and in the accompanying Memorandum of Law, seeks the entry of an order permitting the parties to engage in immediate discovery for the limited purpose of discerning whether the defendant, Richard Rodriguez, was a citizen of Michigan on December 27, 2007 and, therefore, subject to the diversity jurisdiction of this Court. Such relief should include the ability of the University to depose Rodriguez and his wife, serve written discovery, and issue subpoenas. The University seeks to engage in jurisdictional discovery in the event that the Court does not remand this case as the University is not a citizen for purposes of diversity jurisdiction.

**WEST VIRGINIA UNIVERSITY BOARD OF GOVERNORS for and on behalf of WEST VIRGINIA UNIVERSITY,**

By Counsel,

/s/ Jeffrey M. Wakefield
Thomas V. Flaherty (WV Bar No. 1213)
Jeffrey M. Wakefield (WV Bar No. 3894)
Jaclyn A. Bryk (WV Bar No. 9969)
Flaherty, Sensabaugh & Bonasso, PLLC
Post Office Box 3843
Charleston, West Virginia 25338-3843
Telephone: (304) 345-0200
Facsimile: (304) 345-0260