IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

**WEST VIRGINIA UNIVERSITY**
**BOARD OF GOVERNORS for and on**
**behalf of WEST VIRGINIA UNIVERSITY,**

     **Plaintiff,**

v.             Civil Action No.: 1:08-CV-00041
               (Honorable John P. Bailey)

**RICHARD RODRIGUEZ,**

     **Defendant.**

### PLAINTIFF WEST VIRGINIA UNIVERSITY BOARD OF GOVERNORS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JURISDICTIONAL DISCOVERY

### PRELIMINARY STATEMENT

This action should be remanded as the plaintiff, West Virginia University Board of Governors for and on behalf of West Virginia University [the "University"], is an arm of the State and is not subject to diversity jurisdiction under 28 U.S.C. § 1332. See West Virginia ex rel. McGraw v. Minnesota Mining & Mfg. Co., 354 F.Supp.2d 660 (S.D.W.Va. 2005); State of West Virginia v. Anchor Hocking Corp., 681 F.Supp. 1175 (N.D.W.Va. 1987) review denied by 857 F.2d 1469 (4th Cir. 1988). Nonetheless, in the unlikely event this Court would hold the University is a citizen of the State for diversity jurisdiction, the University asserts that this case should still be remanded as, upon information and belief, the defendant, Richard Rodriguez ["Rodriguez"], was not a citizen of Michigan, but rather West Virginia, on the date this action was filed. However, discovery is necessary to ascertain Rodriguez's citizenship at the time this action was filed as the parties are in disagreement on this point and case authority from this Court provides that a "totality of the evidence" approach is used to determine citizenship.

Accordingly, the University seeks the entry of an order permitting the parties to engage in discovery for the limited purpose of discerning whether Rodriguez was a citizen of Michigan on December 27, 2007. Specifically, the University seeks the right to depose Rodriguez and his wife, serve written discovery, and issue subpoenas to obtain information relevant to Rodriguez's citizenship if Rodriguez continues to assert diversity jurisdiction.

## FACTS

On January 15, 2008, Rodriguez removed this action from the Circuit Court of Monongalia County, West Virginia. See Notice of Removal (Jan. 15, 2008). Rodriguez claims that he was a citizen of Michigan on the date this action was filed and, therefore, may remove this action based on diversity jurisdiction. Rodriguez claims that he established residency in Michigan at the time this action was filed and had a clear intention to remain in Michigan to serve as head coach of the University of Michigan football team. Id. at ¶ 2. Further, Rodriguez argues that he was a citizen of Michigan on December 27, 2007 because both he and his wife obtained Michigan driver's licenses and registered to vote in Michigan. Id. at ¶ 7. Rodriguez also states that he established a Michigan telephone number and mailing address, obtained employment in Michigan, and established a business office in Michigan. Id.

The University moved to remand this action on January 18, 2008. See Plaintiff's Motion to Remand (Jan. 18, 2008). The University notes that, as an arm of the State, it is not a citizen of West Virginia for purposes of diversity jurisdiction and, therefore, not subject to diversity jurisdiction. Although this argument is dispositive on the jurisdictional issue, the University further asserts that this Court lacks diversity jurisdiction since, upon information and belief, Rodriguez was a citizen of West Virginia rather than Michigan at the time this action was filed.

Upon information and belief, Rodriguez owned and lived in his West Virginia residence and was a resident of West Virginia on December 27, 2007. Rodriguez and his family resided in the West Virginia residence for a number of years prior to the filing of this action. Upon information and belief, Rodriguez's wife and children continue to reside in the West Virginia residence and his children continue to attend school in West Virginia. Furthermore, as late as January 10, 2008, which is two weeks after the filing of this action, Rodriguez sent correspondence providing his West Virginia residence as the return address. See Plaintiff's Motion to Remand at Exhibit "B." The University believes that, for purposes of this action, Rodriguez is a citizen of West Virginia and not a diverse party subject to diversity jurisdiction under 28 U.S.C. § 1332. However, as the parties do not agree on this point, the University seeks the entry of an order permitting the parties to engage in discovery for the limited purpose of discerning whether Rodriguez was a citizen of Michigan on December 27, 2007.

## ARGUMENT

### THE UNIVERSITY SHOULD BE PERMITTED TO CONDUCT JURISDICTIONAL DISCOVERY AS RODRIGUEZ'S CITIZENSHIP FOR PURPOSES OF DIVERSITY JURISDICTION IS IN DISPUTE.

The University continues to maintain that this action should be remanded as the University is an arm of the State and not subject to diversity jurisdiction under 28 U.S.C. § 1332.[1] However, Rodriguez raised the issue of citizenship in connection with an improvident removal and the University seeks the opportunity to redress Rodriguez's claim through fact

---

[1] In raising this Motion, the University in no way concedes that it is a citizen of West Virginia for purposes of diversity citizenship or waives any argument that it is not subject to diversity jurisdiction. The University maintains that, as an arm of the State, it is not a citizen for purposes of diversity jurisdiction and this action should be remanded to the Circuit Court of Monongalia County, West Virginia. See Plaintiff's Motion to Remand (Jan. 18, 2008). However, the University seeks to explore Rodriguez's claims that he was a citizen of Michigan at the time this action was filed in the event that the Court does not remand this case on the basis that the University is not a citizen for purposes of diversity jurisdiction.

development. Therefore, the University requests the Court enter an order allowing the University to engage in discovery for the limited purpose of discerning whether Rodriguez was a citizen of Michigan on December 27, 2007 thereby triggering diversity jurisdiction. Specifically, the University requests the ability to take depositions of Rodriguez and his wife, serve written discovery, and issue subpoenas.

Although discovery is generally not permitted before the parties have conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Rule 26(d) provides that parties may be permitted to engage in discovery before that time when authorized by the rules or by court order. Fed.R.Civ.P. 26(d) (Dec. 1, 2007). In accordance, Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense …" Fed.R.Civ.P. 26(b)(1) (Dec. 1, 2007). Therefore, the court may order discovery on jurisdictional issues. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) cited in Clark v. Milam, 813 F.Supp. 431, 435 (S.D.W.Va. 1993). See e.g. Williams v. Advertising Sex LLC, 2007 WL 2570182, * 1 (N.D.W.Va. 2007) (slip copy); Toney v. Family Dollar Stores, Inc., 273 F.Supp.2d 757, 760 (S.D.W.Va. 2003); West Virginia-Ohio Valley Area I.B.E.W. Welfare Fund v. American Tobacco Co., 29 F.Supp.2d 733, 737 (S.D.W.Va. 1998); Capitol City Resources, Inc. v. White, 29 F.Supp.2d 334 (S.D.W.Va. 1998); AFA Enterprises, Inc. v. American States Ins. Co., 842 F.Supp. 902 (S.D.W.Va. 1994). Such discovery is available to ascertain facts bearing on issues of jurisdiction. Oppenheimer Funds, Id. at p. 350-351. "'Where pertinent facts bearing on the question of jurisdiction are controverted ... or where a more satisfactory showing of the facts is necessary' courts should allow for discovery." Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 (9th Cir. 1977) quoted in Marshall v. McCown Deleeuw & Co., 391 F.Supp.2d 880, 882 (D. Idaho 2005).

This Court uses a "totality of the evidence" approach in determining a party's citizenship for purposes of diversity jurisdiction. See e.g. Mylan Pharmaceuticals v. Cunard, civil action number 1:06-cv-117 (Sept. 5, 2006). Using this approach, a number of factors are considered when determining a party's citizenship, but no single factor is conclusive. Id. at p. 4. Accordingly, it becomes necessary to engage in discovery in order to assess the "totality of the evidence" when faced with the removing party's self-serving statements that diversity exists.

Jurisdictional discovery is necessary to resolve, in part, the jurisdictional issues raised in the University's Motion to Remand as, upon information and belief, Rodriguez was a citizen of West Virginia on December 27, 2007. Rodriguez makes a number of self-serving statements in support of his argument that he was a citizen of Michigan on December 27, 2007 for purposes of diversity jurisdiction. The University seeks to explore Rodriguez's claims further. The University also seeks to engage in jurisdictional discovery because it believes that the totality of the evidence will show that Rodriguez was a citizen of West Virginia, not Michigan, on the date the action was filed. For example, upon information and belief, Rodriguez continues to maintain a residence in West Virginia, his family continues to reside in the West Virginia residence, his children continue to attend school in West Virginia, and the University, as late as January 10, 2008, continued to receive correspondence from Rodriguez listing his West Virginia residence as the return address. Accordingly, in the event that the Court does not remand this action as the University is not a citizen for purposes of diversity jurisdiction, the University seeks an order permitting the parties to engage in discovery for the limited purpose of discerning whether Rodriguez was a citizen of Michigan on December 27, 2007. Specifically, the University seeks the right to immediately depose Rodriguez and his wife, serve written discovery, and issue

5

subpoenas, in order to obtain information relevant to Rodriguez's citizenship if Rodriguez continues to assert diversity jurisdiction.

## CONCLUSION

WHEREFORE, the plaintiff, West Virginia University Board of Governors for and on behalf of West Virginia University, in the event that the Court does not remand this case as the University is not a citizen for purposes of diversity jurisdiction, seeks the entry of an order permitting the parties to engage in discovery for the limited purpose of discerning whether the defendant, Richard Rodriguez, was a citizen of Michigan on December 27, 2007 and, therefore, subject to the diversity jurisdiction of this Court.

**WEST VIRGINIA UNIVERSITY BOARD OF GOVERNORS for and on behalf of WEST VIRGINIA UNIVERSITY,**

By Counsel,

/s/ Jeffrey M. Wakefield
Thomas V. Flaherty (WV Bar No. 1213)
Jeffrey M. Wakefield (WV Bar No. 3894)
Jaclyn A. Bryk (WV Bar No. 9969)
Flaherty, Sensabaugh & Bonasso, PLLC
Post Office Box 3843
Charleston, West Virginia 25338-3843
Telephone: (304) 345-0200
Facsimile: (304) 345-0260