

ANN ARBOR, MI 48108
(734)
(734)            ax
(800)            TY

# EXHIBIT A

**RESIDENTIAL LEASE AGREEMENT • Page 1 of 5**

**1.** This lease agreement ("lease") is made this 26 day of _DEC._ 20 07 between_____ ("Lessor"), whose address for the purpose of notice under the Truth in Renting Act MCL 554.641, is _____ Ann Arbor, **Michigan, 48108 and** __Rich and Rita Rodriguez_____ Lessee).

**2.** Lessor leases to Lessee _____ ("Premises") in the apartment complex commonly known as_____

**3. PURPOSE:** Lessee is to occupy the premises as a private dwelling only. Lessee shall not use the premises in violation of laws of the United States or of the State of Michigan or of the ordinances or other regulations of the local governmental unit or of any other lawful authority, and Lessee shall fully comply with all health and police regulations.

**4. OCCUPANCY:** The occupancy level shall be established by LESSOR and shall not exceed applicable housing codes, shall be limited to not more than persons, and shall further be limited to those who have signed this lease or are otherwise legally authorized occupants.

**ONLY THOSE INDIVIDUALS SIGNING THE LEASE AND ONLY THOSE LISTED BELOW MAY OCCUPY THE PREMISES.**

| NAME | FAMILY RELATIONSHIP |
|------|---------------------|
| Rich Rodriguez | Husband |
| Rita Rodriguez | Wife |
| | |
| | |
| | |

**5. TERM:** The premises are rented to LESSEE commencing on __12/26/07__ through 11:59 p.m. __12/31/08__ .

**6. DELAY OF POSSESSION:** Possession of the premises is not guaranteed until LESSOR deems the apartment ready for occupancy. The LESSOR shall not be liable to LESSEE for any delay in possession of the premises due to causes beyond its direct control.

**7. RENT:** LESSEE agrees to pay LESSOR total rent of $ _10,919_ , for the premises and term previously described. Rent shall be paid as follows: $ _179.00_ on _12/26/07_ and subsequent equal installments of $_895.00_ , beginning _1/1/08_ and continuing on the first day of each month thereafter, including the first day of_____ _DEC_ , 20 08 or as follows:_____

**8. PAYMENT:** All payments must be received by Lessor on or before the fifth (5th) day of the month or a Twenty Dollar ($20.00) late charge will be due. In addition, a service charge of _Ten_ Dollars ($_10_ ), will be imposed for each check returned by Lessee's bank. All rental payments should be paid in cash, check, or money order. Please do not send cash. The rent includes the following utilities: **Water and Sewer.** All other utilities charges will be paid by the Lessee as set forth in paragraph 24.

**9. PLACE OF PAYMENT:** Rental payments to lessor may be mailed or hand delivered to the above address.

**10. CHRONIC LATE PAYMENTS:** Rent is due on the first of each month and not withstanding any other provision in this Lease, the Lessor may terminate this Lease if Lessee is chronically late with rent payments. Chronic late payment is defined as paying rent after the due date on three or more occasions during this Lease or any extension thereof.

**11. APPLICATION OF PAYMENTS:** Money paid by LESSEE to LESSOR shall be applied to LESSEE'S account in the following manner: First, to outstanding late fees and dishonored check charges; second, to outstanding repair charges and lock-out charges, third, to trash removal charges, fourth, to legal fees and/or court costs legally chargeable to LESSEE; fifth, to outstanding utility bills; and sixth, to rent.

**12. SECURITY DEPOSIT:** At the same time this lease is signed, Lessee will deposit $_250.00_ ("security deposit") (not to exceed 1.5 times the monthly rent) with Lessor which may be used only for the purposes permitted under the Landlord/ Tenant Relationships Act MCL 554.601-554.616. The fact that Lessor holds the security deposit shall not affect its right to obtain possession of the premises for non-payment of rent or for any other reason permitted by law. To the extent that the security deposit is not applied in the manner permitted by the Landlord/Tenant Relationships Acts, it shall be returned to Lessee. The holder/insurer of the security deposit is: **Bank of Ann Arbor, P.O. Box 8009, 125 South Fifth Avenue, Ann Arbor, Michigan 48107.**



**13. ALTERATIONS:** LESSEE shall make no alterations, additions or improvements in or to the premises without LESSOR'S prior written consent, and then only by licensed contractors in accordance with workmanship and quality standards agreed to in writing in advance by LESSOR. All alterations, additions or improvements to the premises made by either party shall become the property of the LESSOR and shall remain upon and be surrendered with the premises at the end of the term. This includes, but shall not be limited to, additional locks, permitted types of hooks on walls, antennae, carpet, paint and other such improvements.

**14. ACCESS TO PREMISES:** Lessor shall have reasonable access to the premises to the extent permitted by law. Lessor or its agents shall have free access at all hours to the premises for the purpose of examining same or exhibiting them to prospective buyers, or for making necessary alterations or repairs subject to applicable local ordinances.

**15. REPAIRS:** Except as otherwise provided herein, Lessor agrees to make all necessary repairs to the premises within a reasonable time after receipt of written notice from Lessee of the need of such repairs, or in the event of emergency, after verbal notice. Repairs necessitated by negligence of the Lessees or Lessee's guests will be made by the Lessor but paid by the Lessee on demand. Whenever repairs are to be made by the Lessor but delayed because of factors beyond Lessor's control, the obligation of Lessee to pay rent hereunder shall not be affected thereby, nor shall any claim accrue to Lessee against Lessor or its assigns by reason thereof. Lessee shall keep the premises and any common areas inside and outside the building in which the unit is located, including parking areas, clean and refuse-free, and shall comply with all applicable health laws.

**16. PETS: LESSEE SHALL NOT KEEP PETS ON THE PREMISES.** Violation of this provision shall be deemed a material breach of the lease.

**17. QUIET ENJOYMENT:** The LESSOR covenants that the LESSEE, on paying the rent and performing under the terms of the Lease, shall and may peacefully and quietly have, hold and enjoy the premises for the term of the Lease or any extension thereof. Upon written notice from LESSEE, LESSOR shall enforce observance of the Lease on the part of residents of other units as allowed by law.

**18. CONDUCT, COMPLIANCE WITH RULES AND REGULATIONS:** Nothing shall be done by LESSEE in or about the leased premises which will disturb or interfere with the rights, comforts, convenience, health, safety or welfare of other LESSEES or the LESSOR, nor shall any unreasonable or disturbing noise or odors be allowed at any time in or about the leased premises. In the event LESSEE, any member of LESSEE'S household, or LESSEE'S guests or agents engage in any acts or behavior that is immoral, abusive, criminal or illegal in nature, whether such activity occurs on or about the leased premises or not, LESSOR may terminate this Lease upon 30 days written notice. Lessee agrees to comply with and observe all rules and regulations established by Lessor, governing the premises and the apartment complex together with all of Lessor's changes and additions to the rules and regulations that are permitted under MCL 554.631 to 554.641, the Truth in Renting Act , as amended. Breach of any rules and regulations shall be deemed a material breach of this lease.

**19. LEASE BINDING:** The provisions of this lease shall be binding upon and shall be for the benefit of Lessor and Lessee and their successors in interest.

**20. NO HOLD-OVER OCCUPANCY:** No hold-over occupancy is permitted without the advance written permission of LESSOR. Any person who refuses to vacate the premises at the expiration of the Lease term as specified herein shall be deemed to be a trespasser without color of title or other possessor interest and shall be subject to immediate eviction as provided by law. In the event Lessee holds over without Lessor's consent, Lessee agrees to pay rent at the rate of 150% of the last agreed upon rental amount.

**21. HOLD-OVER TENANCY:** It is agreed that if the LESSEE continues in possession of the leased premises with the LESSOR'S consent, as previously provided, then such hold-over shall operate as an extension of the Lease from month to month only. In such event, all of the terms and conditions of this Lease Agreement, except for those pertaining to the term of the Lease and the monthly rental rate shall remain in effect.

**22. CONDITION OF PREMISES:** Lessee will not cause, allow or permit any waste, misuse or neglect of the premises or of any furnishings therein. At the expiration of the term, the Lessee shall yield and deliver up the premises in the condition as when taken, reasonable use and wear thereof accepted. Lessee's obligations under this paragraph are contractual only and the Security Deposit shall not be used to enforce this provision.

**23. DAMAGE TO LESSEE'S PROPERTY AND INSURANCE:** Unless caused by the Lessor, its agents' or employees' negligence and/or failure to maintain the premises as required by law, Lessor, its agents and/or employees shall not be responsible for any theft, damage, loss or destruction of personal property of Lessee or Lessee's guest due to fire, water or other casualty or cause. **Lessees are encouraged to insure their personal property and belongings.**



**24. UTILITIES:** Lessee shall pay for electricity and gas supplied to the premises, shall place those utilities in Lessee's name and shall arrange for commencement and termination of these utilities so as to coincide with the term of this Lease. Resident shall not allow termination of any water, gas, heat, electricity, or telephone service to the premises during the term hereof. Lessor shall not be liable in damages or otherwise for any failure or interruption of utility services beyond the control of Lessor or due to necessary repairs, replacements or alterations to the premises.

**25. COST OF UTILITIES:** In the event the cost of utilities, taxes, operating costs, or city services are increased, the Lessor has the option to pass such increases along to the Lessee upon thirty (30) days written notice.

**26. EMINENT DOMAIN:** If any part of the premises is condemned by any governmental authority, then this Lease shall terminate as of the date that possession is taken by the government authority.

**27. ACTS OR OMISSIONS OF OTHERS:** Lessor shall not be responsible or liable to the Lessee for any loss or damage occasioned through the acts or omissions of others, or from bursting, stoppage, backing up or leaking of water, gas, electricity or sewers, or from causes in any other manner whatsoever. Nothing herein shall relieve the Lessor from liability for its failure to perform or negligent performance of, any duty imposed by law, except to the extent of the waiver of subrogation.

**28. DAMAGE BY FIRE OR OTHER CASUALTY:** If the premises are partially damaged by fire or other casualty but can be restored to tenantable condition, Lessor shall repair the premises with reasonable dispatch. The Lessee's obligation to pay rent shall be suspended during the time that the premises remain untenantable. If the premises are destroyed by fire or other casualty or if the premises cannot be restored to tenanatable condition within a reasonable time, either party shall have the right to terminate this Lease by written notice to the other party.

**29. LESSEE'S LIABILITY:** The LESSEE shall be fully liable in contract and in tort to the LESSOR or LESSOR'S subrogee for damages to the leased premises and adjoining areas resulting from the LESSEE'S negligence or willful acts, or the negligence or willful acts of anyone on the premises by reason of association with LESSEE, including but not limited to fire damage, regardless of whether LESSOR has casualty or fire insurance. This enforcement of this provision shall survive in the event the lease is terminated or held void and it is immaterial whether the negligently or willfully caused damage renders the premises wholly or partially un-tenantable.

**30. WAIVER OF SUBROGATION:** Each party releases the other party from any liability for loss, damage or injury caused by fire or other casualty for which insurance (permitting waiver of liability and waiver of insurer's rights of subrogation) is carried by the insured party to the extent of any recovery by the insured party under such insurance.

**31. REMEDIES NOT EXCLUSIVE:** The rights, remedies and benefits provided by this Lease shall be cumulative, and shall not be exclusive of any other right, remedy and benefit provided by this Lease or by applicable law.

**32. SEVERABILITY:** Invalidation of any of the provisions herein contained by judgment or court order shall in no way affect any of the other lawful provisions hereof which shall remain in full force and effect.

**33. CAPTIONS:** The captions to the paragraphs of this Lease are for convenience and reference only and shall not in anyway modify or control the meaning of the provisions to which they relate.

**34. ASSIGNMENT AND SUBLEASE:** Lessee shall not assign this lease nor sublet the premises without first obtaining Lessor's written permission which will not be unreasonably withheld.

**35. RIGHT TO MORTGAGE:** Lessor has the right to subordinate this Lease to any mortgage now or hereafter placed on the premises or on the apartment complex. At Lessor's request, Lessee shall execute and deliver such documents as may be required in order to accomplish the purpose of this paragraph.

**36. TRUTH IN RENTING ACT (MCL 554.631 TO 554.641) PROVISIONS:** Lessor and Lessee specifically agree that this Lease shall not, is not intended, nor shall it be construed, to violate any of the provisions of the Truth In Renting Act. If, however, any provision of this Lease does in fact reach any such result, then such provision shall be null and void but other provisions of this Lease shall continue to remain in full force and effect.

**37. TERMINATION AND RE-ENTRY:** In the event the Lessee violates any of the terms and conditions contained in this Lease, Lessor shall have the option of terminating said tenancy upon thirty (30) days' written notice to Lessee. Such termination shall not release or discharge Lessee from any additional rental obligation which may arise after said notice provided that Lessor shall use its best efforts to mitigate its damages and re-lease the premise as soon thereafter as possible.



**38. JOINT AND SEVERAL RESPONSIBILITY:** The undersigned Lessees jointly and severally co-sign and assume the obligations for payments of all monies owing under this Lease as well as any other obligations contained herein as demonstrated by their signatures set forth below.

**39. LEAD-BASED PAINT:** LESSEE acknowledges that prior to signing this Lease, LESSEE received, reviewed and signed a copy of the Lead-Based Paint Disclosure form completed by the LESSOR, the terms of which are incorporated herein by reference and that LESSEE received and reviewed a lead hazard information pamphlet approved by EPA titled "Protect Your Family From Lead In Your Home."

**40. CONTROLLED SUBSTANCE:** The LESSOR may terminate this Lease upon twenty-four hours written notice if a LESSEE, member of LESSEE'S household or other person under the LESSEE'S control, has unlawfully manufactured, delivered, possessed with intent to deliver, or possessed a controlled substance on the premises. This provision shall apply only if a formal police report has been filed by the LESSOR alleging that the LESSEE, member of LESSEE'S household, or other persons under LESSEE'S control, has unlawfully manufactured, delivered, possessed with intent to deliver, or possessed a controlled substance on the leased premises. For purposes of this provision, "controlled substance" means a substance or counterfeit substance classified in Schedule 1, 2, or 3 pursuant to Sections 333.7111, 333.7212, 333.7213, 333.7214, 333.7215 and 333.7216 of the Michigan Compiled Laws.

**41. TERMINATION PURSUANT TO MCL 554.601a:** If LESSEE has occupied the leased premises for more than thirteen (13) months, he may terminate the Lease by a sixty (60) day written notice to the LESSOR if either of the following occurs: (a) LESSEE has become eligible during the lease term to take possession of a subsidized rental unit in senior citizen housing and provides the LESSOR with written proof of that eligibility, or (b) LESSEE has become incapable during the lease term of living independently as certified by a physician in a notarized statement.

**42. WAIVER:** No waiver by any party to this Lease Agreement of a breach or default hereunder will be deemed a waiver of any subsequent breach or default of a similar nature by the other party.

**43. SERVICEMEMBERS CIVIL RELIEF ACT:** If, during the term of this lease, LESSEE enters military service or, if while in military service lessee receives military orders for a permanent change of station or to deploy with a military unit for a period of not less than 90 days, LESSEE may terminate this lease by delivery of a written notice and a copy of the military orders to LESSOR. The termination will be effective 30 days after the first date on which the next rental payment is due and payable after the notice is delivered. LESSOR may not evict a service member or dependents of a service member during a period of military service from premises that are occupied primarily as a residence and for which monthly rent does not exceed $2400 per month. This paragraph is intended to comply with the Servicemembers Civil Relief Act (SCRA). In the event of a conflict between this paragraph and the SCRA, the SCRA shall prevail. In the event modifications to the SCRA invalidate portions of this lease, the lease shall be interpreted so as to be in compliance with the SCRA.

**44. ABANDONMENT:** If at any time during the term of this Lease, LESSOR believes in good faith that LESSEE has abandoned the premises, and the current rent is unpaid, LESSOR may re-enter the premises and put out the remaining possessions of LESSEE without liability therefore. Abandonment shall be conclusively presumed if rent is unpaid for fifteen (15) days following the due date, and either (1) a substantial portion of LESSEE'S possessions have been removed, or (2) acquaintances of LESSEE or other reliable sources indicate to LESSOR that LESSEE has left without the intention of reoccupying the premises. In the event of abandonment by the LESSEE, and in the event the LESSEE has left personal property on the premises, LESSOR may dispose of said personal property in any way LESSOR chooses. This provision shall apply to all items of personal property, except those for which the LESSOR and LESSEE have made specific written agreement. No oral agreement may alter this provision. Any cost incurred by LESSOR in removing the personal property described herein shall be reimbursed to LESSOR by LESSEE.

**45. NOTICES:** All notices to be given hereunder by either party shall be in writing and given by personal delivery to the LESSOR or the LESSEE, or shall be sent by the United States Post Office, addressed to the party intended to be notified, at the post office address last known to the party giving notice, and notice given as aforesaid shall be sufficient service thereof, and shall be deemed given as of the date when deposited in any post office or in any post office box regularly maintained by the United States Postal Service, with full address properly placed thereon, and with postage prepaid.

**46. WASHTENAW COUNTY CLEAN INDOOR AIR REGULATIONS:** LESSEE(S) shall comply with all requirements of The Washtenaw County Clean Indoor Air Regulation and ensure compliance on the part of members of LESSEE'S household or LESSEE'S guests or agents. This Washtenaw County Regulation was approved by the Washtenaw County Board of Commissioners to "Protect the Public from the harmful effects of secondhand smoke exposure by substantially prohibiting smoking in public and private worksites and public places." LESSOR may terminate the Lease Agreement if chronic violations of the Washtenaw County Clean Indoor Air Regulation occur by LESSEE, members of LESSEE'S household or



other persons under LESSEE'S control. Chronic violations are defined as three or more of either Washtenaw County Clean Indoor Air Regulation violations and/or written notices by LESSOR. To access the Regulation in full text, visit website www. eWashtenaw.org or call 734.484.7200.

**47. MISREPRESENTATION:** LESSEE hereby certifies that all statements made on the "Application For Rental" are true and no misrepresentation has been made. In the event LESSOR discovers any misrepresentation or untrue statement during the term herein specified, or any extension thereof, LESSOR may void and nullify this Lease upon fifteen (15) days written notice.

**48. ENTIRE AGREEMENT:** It is agreed that this Lease, the attached Rules and Regulations (if any), and the application for rental (if any) constitute the entire agreement between LESSOR and LESSEE and may not be altered, amended or changed in any manner unless in writing, signed by the undersigned parties. The undersigned parties further acknowledge and agree that no additional verbal promises, representations or agreements have been made other than are contained in this lease.

**NOTICE: Michigan law establishes rights and obligations for parties to rental agreements. This agreement is required to comply with the Truth In Renting Act. If you have a question about the interpretation or legality of a provision of this agreement, you may want to seek assistance from a lawyer or other qualified person.**

**You must notify your landlord in writing within 4 days after you move of a forwarding address where you can be reached and where you will receive mail; otherwise you landlord shall be relieved of sending you an itemized list of damages and the penalties adherent to that failure.**

**UPON THE EXECUTION OF THIS LEASE, A LESSEE IS ENTITLED TO RECEIVE A COPY OF THE BOOKLET PROVIDED BY THE CITY CLERK OF ANN ARBOR CONCERNING THE LEGAL RIGHTS OF LESSEES. BY EXECUTING THIS LEASE, THE LESSEE ACKNOWLEDGES RECEIPT OF SUCH A BOOKLET PRIOR TO EXECUTION OF THE LEASE.**

**IN WITNESS WHEREOF, THE LESSOR AND THE LESSEE HAVE EXECUTED THIS LEASE AS OF THE DAY AND YEAR FIRST ABOVE WRITTEN.**

LESSOR:

Authorized Signature _Therisa Neely_

_____ Lessee Signature

_____ Lessee Signature

_____ Lessee Signature

_____ Lessee Signature

Date 12/26/07

# MOLD ADDENDUM TO THE ██████ ██████████ LEASE

**Mold –** Mold is a type of fungus that is part of a group of living organisms that have existed from the beginning of time and are very common and serve an important role in the environment. For example, Penicillin is a type of mold. Mold seeks moisture, warmth, and food in order to grow. Mold spores are too small to be detected by the human eye. They are found everywhere around us and the spores travel in the air entering our homes through open doors and windows, attached to our skin, clothing, shoes, and on the fur of our pets. Once the spores enter, they settle on surfaces throughout the home. There is no way to keep the mold spores out of the home, but regular cleaning and preventative maintenance will help to prevent mold problems.

**Mold Prevention –** It is the responsibility of the resident to minimize the potential for mold growth in the townhouse/apartment, by doing the following:
- Clean and vacuum your townhouse/apartment on a regular basis to remove possible sources of mold.
- Remove moisture that accumulates on windows, walls, ceilings, floors and other surfaces when first noticed.
- Turn on fans in the bathroom or kitchen before you begin showering or cooking with open pots.
- Wipe off moisture from the shower walls, bathtub, and the bathroom floor. Hang up wet towels, bath mats, and clothing so they dry out. Leave the bathroom door open until all the moisture has dissipated.
- Check washer hoses for leaks; make sure the dryer is vented to the outdoors to prevent moisture buildup.
- Promptly notify the management office of any leaks in the basement, or any problems with the water heater, heating system or the air conditioning.
- If small areas of mold have occurred on non-porous surfaces, the Federal Environmental Protection Agency recommends that you first clean the area with soap and water, let the surface dry, and then after 24 hours use a spray-on type of biocide, such as Tilex Mildew Remover. Follow the directions on the container for usage
- Do not use biocides on porous surfaces such as ceilings or drywall. Notify the management office instead to take care of the problem.

**Responsibility:**

It is the Resident's responsibility to notify the ███████████████ office in writing of any water leaks, excessive moisture, or standing water inside the leased premises.

It is the responsibility of the Resident to notify the ███████████████ office in writing of any malfunction with the heating, air-conditioning, or ventilation system.

It is responsibility of the Resident to notify the ███████████████ office of mold growth after trying several times to remove mold with household cleaning solutions.

Failure to notify the Management, the Resident can be held responsible for property damage to the townhouse/apartment and any health issue that may result.

Once the Management office is made aware of a persistent mold growth, the ███████████████ ██████ will take appropriate action to eliminate persistent mold found to be part of the Management's responsibility.

LESSOR:

Authorized Signature  *Theresa Neely*

_____  Lessee Signature

_____  Lessee Signature

_____  Lessee Signature

_____  Lessee Signature

Date 12/26/07

By execution of this lease, resident acknowledges receipt of "Rights and Duties of Tenants", a booklet provided by the City of Ann Arbor.

"Some things your landlord writes in the lease or says to you may not be correct representation of your rights."

"Also you may have rights and duties not mentioned in your lease. Such rights may include rights to repairs, rights to withhold rent to get repairs done, and rights to join a tenants union or form our own union. Such duties may include the duty to pay rent and the duty not to cause a serious health hazard or damage beyond reasonable wear and tear."

"Additionally some lease clauses may be subject to differing legal interpretations. If you think that a clause in your lease or something your landlord says to you is unfair, you may contact your own lawyer, legal aid society, or tenants union lawyer for their opinions."

This lessor has neither told you nor written anything in your lease that is known to be deceptive or a misrepresentation of your rights, however the statement contained in the outline above is required by City charter.

YOU HAVE THE RIGHT TO PRIVACY IN YOUR RENTAL HOME. CITY LAW ESTABLISHES GUIDELINES THAT THE OWNER AND HER/HIS AGENTS MUST FOLLOW BEFORE ENTERING YOU HOME. YOU MAY INITIATE ADDITIONAL ENTRY RESTRICTIONS BY GIVING WRITTEN NOTICE TO YOUR LANDLORD. COPIES OF THESE GUIDELINES (HOUSING CODE 8:529) ARE AVAILABLE AT THE BUILDING DEPARTMENT, CITY HALL 100 N. FIFTH AVE.

Mill Creek Townhouses

By _Theresa Neely_ 12/26/07
                        Date

_____          _____
Lessee              Date          Lessee              Date

 **TOWNHOUSES**
# RULES AND REGULATIONS

**1. CONDUCT:** Nothing shall be done in or about the premises which shall interfere with the rights, comforts, or convenience of other LESSEES. No musical instrument, radio, television, phonograph, vacuum cleaner or other device shall be operated in a manner that is disturbing or annoying to other LESSEES of the building(s), nor shall any disturbing noise be made at any time.

**2. CLEANING:** LESSEE shall at all times keep the demised premises and fixtures therein in a clean and sanitary condition. The common areas of the building shall be cleaned as necessary. LESSEE is expected to cooperate in this respect and shall immediately clean anything which LESSEE or LESSEES' guests spill or drop in common areas.

**3. WINDOWS:** LESSEE shall not place anything, whatsoever, upon the inner or outer sills of the windows of said buildings so that the same may be exposed through said windows to a view from the street. No shade, awnings, guards, drapes, or screens shall be used except those provided by the LESSOR or approved in writing by LESSOR. Rags, rugs, dust mops, carpets, or clothing must not be shaken, dusted or hung from windows or balconies, nor shall any sweepings, rags, rubbish, etc. be thrown on the front, side or rear lawn areas or parking areas.

**4. PETS:** The LESSEE or his guests shall not harbor, keep, or bring into the demised premises or building, dogs, cats, reptiles, fish, or other animals unless an agreement has been made in writing with the LESSOR. The LESSOR as a result of the LESSEES violation of this rule may declare the Lease null and void and order LESSEE to vacate the premises in thirty (30) days.

**5. FLAMMABLES:** The LESSEE shall not use or keep flammable or explosive materials in the demised premises, public areas, furnace and utility closets, storage lockers, or storage rooms, nor use any method of heating other than that supplied by LESSOR.

**6. LOCKING APARTMENT:** Anytime LESSOR is in the LESSEE'S apartment, he will lock all door locks when leaving. LESSEE should, when leaving the apartment, lock all door locks. If LESSEE is locked out of his apartment, the LESSOR'S lockout service will only unlock the door after the appropriate fee has been paid and proper identification has been provided. Locked out service is not a right, but a service provided by the LESSOR for an additional fee and is subject to the availability of staff. Additional keys may be obtained from LESSOR'S office during normal business hours. After hours "locked out" fees are $ _10-_ .

**7. PASS KEY:** Unless specifically addressed by a local ordinance, the LESSOR and his agents may retain a pass key to the premises. Subject to local ordinance, no LESSEE shall alter any lock or install any locking devise on any door of the demised premises without the written consent of the LESSOR. In cases where such consent is given, the LESSEE shall provide the LESSOR an additional key for the use of the LESSOR, pursuant to the LESSOR'S right to access to the leased premises. Tenant will be charged up to $25 for each "lock out" and up to $5 for extra keys.

**8. RADIO TRANSMISSIONS:** LESSEE shall not use any radio transmitters on the premises; shall at no time erect any type of antenna in any location; nor shall LESSEE broadcast from any transmitter on the premises.

**9. EQUIPMENT:** No equipment may be removed from any part of the leased premises or building by the LESSEE. All equipment must be permanently retained in its original location. Any equipment removed from the premises or building will be the responsibility of the LESSEE and charged to the LESSEE at replacement cost upon vacating if the equipment is not in the apartment.

**10. PARKING:** Unless otherwise provided in writing, parking is not included in the monthly rental payment. LESSEE shall be allowed to park not more than one (1) vehicle in those parking areas designated for LESSEE parking, as otherwise described in this Agreement. Even if parking is provided, LESSOR does not guarantee the availability of parking for the LESSEE or his or her guest. LESSEE shall not park vehicles or allow any member of his or her household or any guest to park vehicles in any restricted areas or driveways. Only two and four wheel motorized vehicles are permitted. Trucks, trailers and boats are expressly prohibited. No car repairs or washing of cars shall be permitted at any time. The parking areas are intended for parking only. Storage of vehicles, or disuse of them is prohibited and can result in LESSOR towing vehicles away with LESSEE paying for all resulting charges. GUESTS MAY ONLY PARK IN THE OUTER PARKING LOTS

**11. FACILITIES:** It is expressly understood and agreed by the LESSEE that if the LESSOR shall provide parking space, laundry facility, children's play area, or any other facilities outside of the demised premises, same shall be deemed gratuitously provided by LESSOR, and that if any person shall use the same, such person does so at his own risk and upon the expressed understanding and stipulation that LESSOR shall not be liable for any loss of property through theft, casualty, or otherwise, or for any damage or injury whatsoever to person or property unless directly caused by LESSOR'S negligence.

**12. CHILDREN:** Children will not be allowed to play in the laundry rooms. Bicycles, tricycles and other toys shall not be used or stored on the front walks, and will be removed and disposed of by the LESSOR.

**13. EQUIPMENT:** LESSEE shall not interfere in anyway with any part of the heating, lighting, refrigerating, or laundry apparatus, or controls in or about the leased premises or the building.

**14. PERSONAL PROPERTY:** No personal property of any kind shall be placed or kept in or on, lawn, sidewalks, parking area, sideyards, grounds or other common areas, nor shall such areas be used for lounging, playing or any other activities without the written permission of the LESSOR.

**15. PATIOS:** LESSEE shall not use the patios, if any, for storage of any sort, nor shall he remove any furniture from the apartment and place or store on the patio.

**16. SMOKE DETECTORS:** LESSEE agrees not to disarm or remove batteries from smoke detectors. LESSEE further agrees to replace batteries as necessary and to leave a working battery in the smoke detector at the end of the Lease term.

**17. LIGHT BULBS:** LESSEE agrees to change light bulbs in all lighting fixtures in the demised premises during the Lease term, and to leave working light bulbs in all lighting fixtures at the end of the Lease term.

**18. INTERIOR:** No water filled furniture is allowed. Painting/staining any area of the apartment, use of adhesive hangers and use of wallpaper/contact paper/decals is prohibited.

19. BASEMENT USE: Basements are to be used for storage, laundry and recreation, only. BASEMENT SLEEPING ROOMS ARE PROHIBITED.

**20. FIREARMS:** The use or possession of firearms on the premises is prohibited.

These rules and regulations are made a part of the Lease Agreement as provided for in paragraphs 18 and 48 of the Lease Agreement.

Lessee's Initials _____ Lessor's Initials _T.N._ _____ Dated _12/26/07_ _____



ANN ARBOR, MI 48108
(734)
(734)          Fax
(800)          TTY

ORDINANCE NO. 7-06

HOUSING CODE
(ENTRY TO SHOW PREMISES AND TIME FOR RENTAL AGREEMENTS)
AN ORDINANCE TO AMEND CHAPTER 105 OF TITLE VIII OF THE CODE OF THE CITY OF ANN ARBOR BY ADDING A NEW SECTION 8:530.

The City of Ann Arbor ordains:
Section 1. That Section 8:530 be added to Chapter VIII of the Code of the City of Ann Arbor to read as follows:

8:530. Entry to Show Premises and Time for Rental Agreements.

(1) Notwithstanding any other provisions of this Chapter, a landlord of a residential premises shall not:
(a) enter the leased premises for the purpose of showing the premises to prospective tenants until 90 days of the current lease period has passed; or
(b) enter into an agreement to rent the leased premises to another tenant for a subsequent lease period until 90 days of the current lease period has passed.
(2) This section does not apply under any of the following conditions:
(a) the entry is for the purpose of subletting;
(b) the current lease period is less than nine (9) months in its entirety:
(c) a summons and complaint to recover possession of the premises has been filed and served on the current tenant in accordance with all the

EQUAL HOUSING OPPORTUNITY—EQUAL OPPORTUNITY EMPLOYER

laws and rules applicable to summary proceedings to recover possession of premises;

(d) the tenant has given notice in writing to the landlord that the tenant does not seek renewal of the lease for a subsequent lease period;

(e) the tenant, of his or her own will, has terminated his or her occupancy of the leased premises and his or her right under the lease to possession of the premises.

(3) Except as otherwise provided in this section, at the time of entering into a written lease agreement, a landlord shall provide to each tenant a copy of this entire code section separate from the written base agreement, until such time that this ordinance is incorporated into the Rights and Duties of Tenants' booklet.

(4) If there is no written lease, then the landlord shall provide a copy of this entire code section, upon which is written the term of the current unwritten lease, to each tenant, until such time that this ordinance is incorporated into the Rights and Duties of Tenants' booklet.

(5) A violation of this section shall be a civil infraction punishable by a civil fine of up to $1,000.00, plus costs and all other remedies available by statute.

(6) The City Council shall review the operation of the provisions of this section and recommend changes that council deems appropriate, if any, before the first meeting in April 2007.

Section 2. That is ordinance shall take effect on the tenth day after legal publication. As Amended by City Council on February 21, 2006 and approved on March 20, 2006. Effective: April 5, 2006

I acknowledge that I have received from ▆▆▆▆▆▆ a copy of the City of Ann Arbor Ordinance NO. 7-06.

_____          _____
Resident's Name                                            Date